**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL DOCKET NO.: 3:93CR264**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| ANTOINE DWAYNE WELLS (4), | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Defendant's "Motion for Preserved Error Review," filed December 27, 2005, and "Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2)," filed March 27, 2006.

On April 25, 1994, Defendant pled guilty to conspiracy to possess with intent to distribute and distribution of a quantity of cocaine and cocaine base, in violation of 21 U.S.C. §§ 841, 846 (Count One), using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Two), unlawful use of fire and explosives in committing a drug trafficking crime and aiding and abetting, in violation of 18 U.S.C. §§ 844, 2 (Count Six), possession with intent to distribute an excess of 50 grams of cocaine base and aiding and abetting, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2 (Count Eight), and unlawful distribution in excess of 50 grams of cocaine base and aiding and abetting, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. On August 29, 1994, Defendant was sentenced to 360 months imprisonment on each of Counts One, Eight and Nine, to run concurrently, five (5) years imprisonment on Count Two, to run consecutively with Counts One, Eight and Nine, and five (5) years imprisonment on Count Six, to run consecutively with Counts One, Two, Eight and Nine.

Defendant filed a Notice of Appeal on August 31, 1994. On May 8, 1996, the United States Court of Appeals for the Fourth Circuit affirmed the Court's sentence and judgment in this case.

## A.    Motion for Preserved Error Review

Defendant now asks this Court to vacate his sentence and re-sentence him in accordance with *United States v. Booker*, 125 S.Ct. 738 (2005). Relying on his belief that *Booker* is retroactive, Defendant argues that his sentence is void because the Court sentenced him with the false assumption that the Guidelines were mandatory.

The Court concludes that Defendant's sentence was properly imposed. Specifically, the Fourth Circuit recently concluded that *Booker* is not retroactively applicable to criminal cases. *See United States v. Morris*, 429 F.3d 65, 72 (2005). Therefore, the *Booker* decision is inapplicable to the case at bar. Therefore, Defendant's Motion for Preserved Error Review is hereby underlined denied.

## B.    Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582

Defendant additionally seeks for this Court to modify his sentence pursuant to 18 U.S.C. § 3582, asking the Court to give retroactive effect to Amendment 505 and 599 under United States Sentencing Guidelines § 1B1.10.

Under 18 U.S.C. § 3582(c)(2), a court may modify an imposed term of imprisonment where the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(o) . . . [and] after considering the factors set forth in section 3553(a) . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Section 3582(c)(2) is only applicable to instances where a defendant is sentenced and a provision in the

Sentencing Guidelines is subsequently amended, which, had the amendment occurred prior to the defendant's sentencing, would have resulted in a lower term of imprisonment. In such an instance, the court has the discretion to amend the defendant's term of imprisonment, but only after also considering the factors listed in Section 3553(a) and the policy statements issued by the Sentencing Commission. That is not the situation now before this Court.

### 1.     __Amendment 505__

Defendant argues that this Court must recalculate his sentence based on Amendment 505 of the U.S.S.G. Amendment 505 caps the base Sentencing Guidelines level for all drug violations at 38 for offenses involving at least 1.5 kilograms of crack. The Amendment, effective November 1, 1994, is retroactively applicable. *See* U.S.S.G. § 1B1.10(c).

In the instant case, Defendant was sentenced on August 16, 1994, at a total offense level of 42 and criminal history category of VI, which gave a Guideline range of imprisonment of 360 months to life imprisonment. Significantly, had the Court sentenced Defendant at a total offense level of 38, with a criminal history level of VI, the Guideline range is the same - 360 months to life imprisonment. Defendant was sentenced to 360 months imprisonment for each Counts One, Eight, and Nine, with the terms to run concurrently. Therefore, even if the Court had sentenced Defendant at a level 38, his term of imprisonment would not have changed. In sum, Amendment 505 does not provide any relief for Defendant in this case.

### 2.     __Amendment 599__

Defendant further asserts that with regard to Count Two - using or carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) - and Count Six - using fire and explosives in committing a drug trafficking crime, in violation of 18

U.S.C. § 844(h) - constituted "double counting" pursuant to Amendment 599 to the United States Sentencing Guidelines ("USSG").

Amendment 599 modified what is now Application Note 4 of U.S.S.G. § 2K2.4, which governs sentencing for 18 U.S.C. §§ 844(h), 924(c) and 929(a) offenses. The relevant language of Amendment 599's modification to U.S.S.G. § 2K2.4, Application Note 4, as quoted by the Fourth Circuit in *United States v. Goines*, 357 F.3d 469, 471-72 (4th Cir. 2004), provides:

> If a section under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense. A sentence under this guideline accounts for any explosive or weapon enhancement for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct). . . .
> If the explosive or weapon that was possessed . . . in the course of the underlying offense also results in a conviction that would subject the defendant to an enhancement under . . . § 2K2.1(b)(5) (pertaining to possession of any firearm or ammunition in connection with another felony offense), do not apply that enhancement. A sentence under this guideline accounts for the conduct covered by th[at] enhancement[ ] because of the relatedness of that conduct to the conduct that forms the basis for the conviction under . . . § 924(c). . . . For example, in addition to conviction for an underlying offense of armed bank robbery, the defendant was convicted of being a felon in possession under 18 U.S.C. § 922(g), the enhancement under § 2K2.1(b)(5) would not apply.

*Id.* (quoting U.S.S.G. App. C, Amend. 599 (2002)) (alteration in original).

"In restricting the application of certain enhancements, the Commission sought 'to avoid the duplicative punishment that results when sentences are increased under both the statutes and the guidelines for substantially the same harm.'" *Id.* at 472 (quoting U.S.S.G. App. C, Amend. 599, Reason for Amendment). In interpreting the substantive language of Amendment 599, the Fourth Circuit concluded, "in adopting Amendment 599, the Sentencing Commission intended to . . . provide that a sentence for a § 922(g) offense may not be enhanced based on conduct that

also resulted in a § 924(c) conviction." *Id.* at 473.

With regard to this case, however, there was no duplicative punishment because Defendant's sentence was not increased under both the statutes and the guidelines for substantially the same harm. Count Two and Count Six are separate and distinct crimes. Count Two charged "[o]n or about April 22, 1990, in Mecklenburg County, within the Western District of North Carolina, Antoine Dwayne Wells, during and in relation to a drug trafficking crime . . . did knowingly use and carry a firearm, that is, a .38 caliber pistol, in violation of Title 18, United States Code, Section 924(c)(1). In contrast, Count Six charged, "[o]n or about August 31, 1993, in Mecklenburg County, within the Western District of North Carolina . . . Antoine Dwayne Wells . . . did knowingly, willfully and unlawfully use fire and explosives in committing [a drug trafficking crime], and did aid and abet each other, to wit: did set fire to a vacant house located at 2208 Madrid Street, Charlotte, North Carolina, which house was used by law enforcement to surveil the activities of the drug conspiracy, in violation of Title 18, United States Code, Sections 844(h) and 2."

Since Count Two and Count Six are separate crimes, for which the Court properly calculated Defendant's sentence, Amendment 599 is inapplicable.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Preserved Error Review is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) is hereby **DENIED**.

Signed: August 3, 2006

Richard L. Voorhees
United States District Judge