UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00418-MOC
(3:93-cr-00264-MOC-4)

| | | |
|---|---|---|
| ANTOINE DWAYNE WELLS, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 1), in which he seeks relief pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015), and Petitioner's Supplemental Memorandum (Doc. No. 12), in which he concedes that his Motion is time-barred. Petitioner is represented by the Office of the Federal Public Defender for the Western District of North Carolina.

On April 25, 1994, Petitioner pled guilty to conspiracy to possess with intent to distribute and distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1); carrying a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) "Count 2); use of fire and explosives in relation to a drug trafficking crime and aiding and abetting the same, in violation of 18 U.S.C. §§ 844(h) and 2 (Count 6); possession with intent to distribute cocaine base and aiding and abetting the same, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count 8); and distributing cocaine base and aiding and abetting the same, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count 9). (§ 2255 Mot. 1-2, Doc. No. 1.) The presentence report found that Petitioner had two qualifying prior convictions that triggered the career-offender enhancement under United States Sentencing Guidelines ("U.S.S.G.") § 4B1.2:

a 1990 North Carolina conviction for assault with a deadly weapon inflicting serious injury, and a 1991 North Carolina conviction for assault with a deadly weapon with intent to kill inflicting serious injury. (§ 2255 Mot. 2.) The Court applied U.S.S.G. § 4B1.2 to determine Petitioner's sentencing range and imposed an aggregate sentence of 370 months imprisonment. J., United States v. Wells, No. 3:93-cr-00264-MOC-4 (W.D.N.C.), Doc. No. 112. Judgment was affirmed by the Fourth Circuit Court of Appeals. See United States v. Wells, 82 F.3d 411, 1996 WL 174631 (4th Cir. 1996) (unpublished table decision).

Petitioner filed the instant Motion to Vacate on June 20, 2016, challenging the Court's application of the career-offender guideline, U.S.S.G. § 4B1.2, in determining his range of punishment. (§ 2255 Mot. 2-5). Petitioner contends he no longer qualifies as a career-offender in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). Johnson held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process," id., 135 S. Ct. at 2563, but did not address the residual clause under the career-offender sentencing guideline.

On August 15, 2016, this Court granted the Government's Motion to hold these proceedings in abeyance pending the United States Supreme Court's decision in Beckles v. United States, No. 15-8544, in which the petitioner argued that, under the holding in Johnson, his career-offender sentence was erroneously enhanced by an unconstitutionally vague residual clause of U.S.S.G. § 4B1.2. (Doc. No. 4). The Supreme Court issued its opinion on March 6, 2017, holding that because the guidelines are not mandatory, they "are not subject to vagueness challenges under the Due Process Clause" and Johnson, therefore, does not apply to invalidate the residual clause of the career-offender guideline. Id. at 890, 895. Beckles, however, did not resolve the question of whether Johnson's constitutional holding applies retroactively to those

2

defendants, like Petitioner, who were sentenced before United States v. Booker, 543 U.S. 220
(2005), when the sentencing guidelines were mandatory rather than advisory. Because that issue
was before the Fourth Circuit Court of Appeals, this Court granted Petitioner's subsequent
motion to hold this action in abeyance pending the Fourth Circuit's decision in United States v.
Brown, No. 16-7065. (Doc. No. 8).

The Fourth Circuit issued its opinion in Brown on August 21, 2017, and held that because
neither Johnson, Beckles, nor any other Supreme Court case has recognized the specific right to
relief sought by Brown, his § 2255 motion was "untimely under 28 U.S.C. § 2255(f)(3)."[1]
United States v. Brown, 868 F.3d 297, 299 (4th Cir. 2017), rehr'g and rehr'g en banc denied, 891
F.3d 115 (4th Cir. 2018). The United States Supreme Court denied certiorari review, Brown v.
United States, 2018 WL 2877128 (Oct. 15, 2018), leaving the Fourth Circuit's decision intact.

On November 7, 2018, Petitioner filed a supplemental memorandum stating the parties
agree that based on the Supreme Court's denial of certiorari, Petitioner's claim is untimely
pursuant to Brown, 868 F.3d at 299. (Doc. No. 12). Petitioner's Motion to Vacate argued that it
was timely under 28 U.S.C. § 2255(f)(3) because it was filed within one year of Johnson. The
Court agrees the Motion to Vacate is untimely and will dismiss it on that basis.

Petitioner, however, requests that the Court grant him a certificate of appealability. He
contends reasonable jurists would disagree about the correctness of the Court's dismissal of a
motion to vacate as time-barred where a petitioner who was sentenced as a career-offender prior

---

[1] A motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 must be filed within one year of the
date on which: (1) the date on which the judgment of conviction becomes final; (2) the date on which the
impediment to making a motion created by governmental action in violation of the Constitution or laws of the
United States is removed, if the movant was prevented from making a motion by such governmental action; *(3) the
date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly
recognized by the Supreme Court and made retroactively applicable to cases on collateral review*; or (4) the date on
which the facts supporting the claim or claims presented could have been discovered through the exercise of due
diligence. 28 U.S.C. § 2255(f)(1)-(4) (emphasis added).

3

to Booker raises a Johnson claim within a year of that decision, see Slack v. McDaniel, 529 U.S. 473, 484 (2000). (Suppl. Mem. 2-4, Doc. No. 12.)

The Court recognizes that Justices Sotomayor and Ginsburg dissented from the Supreme Court's denial of certiorari in Brown, and that Chief Judge Gregory likewise dissented from the Fourth Circuit's Brown decision and the decisions to deny rehearing and rehearing en banc. Nevertheless, this Court is bound by Fourth Circuit precedent which forecloses Petitioner's claim. Accordingly, the Court declines to issue a certificate of appealability as Brown is settled law in this circuit.

Petitioner's conviction and sentence became final for purposes of § 2255 in 1996, and he filed the instant § 2255 petition in 2016, almost twenty years later. Because the Supreme Court has not recognized the specific right upon which Petitioner seeks to rely, Johnson did not re-start the one-year statute of limitations under § 2255(f)(3), and the instant § 2255 petition is time-barred. See Brown, 868 F.3d at 299.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DISMISSED as untimely**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: November 9,

Max O. Cogburn Jr
United States District Judge