UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:93-cr-264-MOC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| ANTOINE DWAYNE WELLS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's Motion to Reduce Sentence Pursuant to the First Step Act of 2018. (Doc. No. 272). Defendant is represented by Joshua Carpenter of the Federal Defenders of Western North Carolina, Inc.

I. **Background**

Between 1988 and 1990 and again in 1993, Defendant participated in a violent drug trafficking organization that distributed crack cocaine in Charlotte, North Carolina. (Doc. No. 253 ¶¶ 8, 10, 14–15, 17–18). Defendant served as the "right hand man" of the leader of the conspiracy. (Id. ¶¶ 15, 17). In April of 1990, Defendant shot Paul Wright three times at close range over an alleged drug robbery, paralyzing Wright from the chest down. (Id. ¶ 10). In August of 1993, Defendant and two of his co-conspirators threw Molotov cocktails into a vacant house where police had earlier been conducting surveillance. (Id. ¶ 14). Between 1.5 and 5 kilograms of crack cocaine were reasonably foreseeable to Defendant. (Id. ¶ 18).

At the time Defendant committed his offense, he had previously been convicted of assault with a deadly weapon inflicting serious injury and assault with a deadly weapon with intent to kill inflicting serious injury. (Id. ¶¶ 36–37). The first assault offense involved Defendant's shooting and paralyzing Wright. (Id. ¶ 36). The second offense involved Defendant's shooting

his victim in the head.  (Id. ¶ 37).

A federal grand jury indicted Defendant and charged him with conspiracy to possess with intent to distribute powder and crack cocaine, 21 U.S.C. § 846.  (Id., Doc. 18 at 1).  Defendant was also charged with using and carrying a firearm during and in relation to a drug-trafficking offense, 18 U.S.C. § 924(c); using and carrying a destructive device during and in relation to a drug-trafficking offense, 18 U.S.C. § 924(c); using fire and explosives in committing a felony drug-trafficking offense, 18 U.S.C. § 844(h); possessing an unregistered destructive device, 26 U.S.C. § 5861(d); and two counts of possessing with intent to distribute more than 50 grams of crack cocaine, 21 U.S.C. § 841(a)(1).  (Id., Doc. 18 at 2–4).  Defendant entered into a plea agreement with the United States, agreeing to plead guilty to the three drug-trafficking offenses, using a firearm during and in relation to a drug-trafficking offense, and using fire and explosives to commit a drug-trafficking offense.  (Id., Doc. No. 264 ¶ 6).

This Court's probation office submitted a presentence report and calculated a base offense level of 38 based on Defendant's responsibility for between 1.5 and 5 kilograms of crack cocaine and a total offense level for the drug-trafficking offenses of 42.  (Id., Doc. No. 264 ¶¶ 23, 28).  Based on Defendant's two prior convictions for assault inflicting serious injury (one with intent to kill), the probation officer classified Defendant as a career offender, subject to an adjusted offense level of 37.  (Id., Doc. No. 264 ¶ 29).  Because application of the drug trafficking guideline yielded a higher adjusted offense level, the probation officer used that offense level and calculated that the Sentencing Guidelines advised an aggregate sentence of between 360 months and life in prison for the drug-trafficking offenses to be followed by two consecutive 5-year sentences for the section 924(c) and section 844(h) offenses.  (Id., Doc. No. 264 ¶ 55).

2

Defendant faced a statutory mandatory-minimum term of 10 years in prison and a maximum of life in prison for the drug-trafficking offense and a consecutive mandatory minimum term of 5 years in prison for the two weapons offenses. (Id., Doc. No. 264 ¶ 54). This Court sentenced Defendant to 360 months in prison to be followed by two consecutive five-year sentences, for an aggregate sentence of 480 months in prison. (Id., Antoine Wells Judgment at 2). This Court sentenced Defendant to five years of supervised release. (Id., Antoine Wells Judgment at 3). Defendant now asks this Court to reduce his sentence under the First Step Act.

**II.     Discussion**

When Defendant was charged and sentenced, the penalties for his offense were driven by Congress's decision in the Anti-Drug Abuse Act of 1986 to punish crack cocaine offenses 100 times more harshly than powder cocaine offenses, disproportionately impacting African-American defendants. To lessen this disparity, Congress passed the Fair Sentencing Act of 2010, Pub. L. 111-220. Section 2 of the Act increased the quantity of cocaine base required to trigger Section 841's enhanced penalties by raising the (b)(1)(A) threshold from "50 grams" to "280 grams" and the (b)(1)(B) threshold from "5 grams" to "28 grams." These changes reduced the 100:1 ratio to an 18:1 ratio. Also, Section 3 eliminated the mandatory minimum for simple possession of cocaine base under 21 U.S.C. § 844(a). Congress did not apply these changes retroactively to people sentenced before the Act's passage.

On December 21, 2018, the First Step Act of 2018 was enacted, giving retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010. See Pub. L. 115-135 (2018), § 404.

When a defendant seeks a reduced sentence under Section 404 of the First Step Act, this Court's review proceeds in two steps. First, the Court must determine whether the defendant

3

was sentenced for a "covered offense" as defined in the Act and is, therefore, eligible for a sentence reduction. Second, if the person is eligible, the court must exercise its discretion to determine whether to reduce the defendant's sentence and, if so, by how much. In doing so, the court must consider the Section 3553(a) factors, including the applicable guidelines range and any mitigating evidence arising from the defendant's post-sentencing rehabilitation.

As noted, section 404 of the First Step Act gives retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010. Section 404(b) of the Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if Section 2 or 3 of the Fair Sentencing Act of 2010, (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." 132 Stat. at 5222. The Fourth Circuit explained in United States v. Wirsing that this definition of "covered offense" means that "[a]ll defendants who are serving sentences for violations of 21 U.S.C. § 841(b)(1)(A)(iii) and (B)(iii) . . . are eligible" for a sentence reduction under section 404 of the First Step Act, unless they have already moved for relief under section 404 or they received the benefit of the Fair Sentencing Act when they were sentenced. 943 F.3d 175, 186 (4th Cir. 2019); see also Section 404(c) of the First Step Act, 132 Stat. at 5222. The Fourth Circuit held in United States v. Woodson that a defendant convicted under the default punishment provision of 21 U.S.C. § 841(b)(1)(C) for possessing with intent to distribute crack cocaine has also been convicted of a "covered offense," because by increasing the drug-quantity thresholds of section 841(b)(1)(A)(iii) and (B)(iii), the Fair Sentencing Act also altered the default drug quantity that would place a defendant's offense in section 841(b)(1)(C) by increasing the drug-quantity threshold for that section. 962 F.3d 812, 816 (4th Cir. 2020).

Taken together, Wirsing and Woodson mean that any defendant convicted of a crack cocaine offense punishable by 21 U.S.C. § 841(b)(1) before the effective date of the Fair Sentencing Act is eligible for a sentence reduction under the First Step Act, unless he has already sought and been denied such a reduction or he received the benefit of the Fair Sentencing Act when he was originally sentenced.

In response to Defendant's motion, the Government concedes that Defendant is eligible for a discretionary reduction of his sentence under the First Step Act, because he was convicted of a "covered offense" for which the First Step Act authorizes a reduced sentence. The Court agrees. Defendant pleaded guilty to possessing with intent to distribute crack cocaine, and Wirsing establishes that this crime is a "covered offense" under the First Step Act. The Government asserts that had the Fair Sentencing Act and the subsequent amendments to the drug-trafficking guideline been in effect when Defendant committed his offense, Defendant would have been subject to a statutory maximum of 40 years in prison for his drug-trafficking offense, reducing his adjusted offense level under the career offender guideline from 37 to 34. See U.S.S.G. § 4B1.1(b)(2). The Government asserts that the drug quantity this Court applied when Defendant was sentenced yields a total offense level of 36, for a sentencing guidelines range of between 324 and 405 months in prison for the drug-trafficking offenses. A sentence at the low end of that range would result in a reduced sentence of 324 months in prison for the drug-trafficking offenses and an aggregate sentence of 444 months in prison.[1] See (Doc. 273 at 3). The Government, therefore, states that it consents to a reduction of Defendant's aggregate sentence to 444 months in prison and a reduction

---

[1] Defendant contends, on the other hand, that this Court must calculate the applicable guidelines range under the current sentencing guidelines manual, which means that Defendant no longer qualifies as a career offender, and his new aggregate guidelines range is therefore 412 to 485 months. The parties may revisit these arguments at Defendant's resentencing hearing.

5

in his supervised-release sentence to 4 years. The Government opposes any further reduction in Defendant's sentence. Defendant argues, on the other hand, that this Court should apply the Section 3553(a) factors and exercise its discretion to impose, under the First Step Act, a reduced sentence of time-served and a supervised release term of four years. The Court will grant Defendant's motion and reduce his sentence, but because the parties disagree over the appropriate sentence length, the Court will schedule a hearing on Defendant's resentencing.

**(1) IT IS, THEREFORE, ORDERED** that Defendant's Motion to Reduce Sentence Pursuant to the First Step Act of 2018 (Doc. No. 272) is **GRANTED**, and the Court will resentence Defendant. The Clerk shall, therefore, place this matter on the next available calendar for resentencing.

Signed: March 30, 2021

Max O. Cogburn Jr
United States District Judge

6

Case 3:93-cr-00264-MOC    Document 277    Filed 03/31/21    Page 6 of 6